UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AVIO, INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons,<br><br>                              Plaintiff,<br><br>    v.<br><br>CREATIVE OFFICE SOLUTIONS, INC.,<br><br>                              Defendant. | )<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, AVIO, INC., a Michigan corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CREATIVE OFFICE SOLUTIONS, INC., (herein "Defendant").

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's policy and practice of faxing unsolicited advertisements.

2.      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable

time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Defendant does business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff, AVIO, INC., is a Michigan corporation which does business within this judicial district.

9. On information and belief, Defendant, CREATIVE OFFICE SOLUTIONS, INC., is a Michigan corporation which has its principal place of business within this judicial district.

## FACTS

10. On or about June 16, 2006, Defendant sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

12. On information and belief, Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of filing of this suit to and including the present (the "Class Period").

Excluded from the Class are Defendant, its officers, directors, employees, agents, and members of the Judiciary.

15. Commonality [Fed. R. Civ. P. 23(A)(2)]. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a) Whether Defendant sent unsolicited fax advertisements;

(b) Whether Defendant's facsimiles advertised the commercial availability of property, goods or services;

(c) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d) Whether Defendant faxed advertisements without first obtaining the recipients' prior express permission or invitation;

(e) Whether Defendant sent the faxed advertisements knowingly;

(f) Whether Defendant violated the provisions of 47 U.S.C. § 227;

(g) Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h) Whether the Court should award treble damages.

16. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all class members. Plaintiff received a facsimile sent on behalf of Defendant advertising goods and services of Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute. Defendant has acted the same or in a similar manner with respect to Plaintiff and all the class members.

17. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interest of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

18. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]</u>. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

4

19. <u>Common Conduct [Fed. R. Civ. P. 23 (b)(2)]</u>.  Class certification is also appropriate because Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

20. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>.  Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come form Defendant's records and will not require individualized or separate inquires or proceedings;

(c) Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support protested individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently managed as a class action in that:

(i) Defendant identified persons or entities to receive the fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

   (ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

   (iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

   (iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

   (v) A class action will contribute to uniformity of decisions concerning Defendant's practices;

   (vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …."  47 U.S.C. § 227(b)(1).

22. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

23. The TCPA provides:

> 3. <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>  (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>  (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

6

      (C)  Both such actions.

24. The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

25. Defendant knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

26. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

27. Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, AVIO, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CREATIVE OFFICE SOLUTIONS, INC., as follows:

7

      A.      That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

      B.      That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

      C.      The court enjoin Defendant from additional violations; and

      D.      That the court award costs and such further relief as the court may deem just and proper.

AVIO, INC., individually and as the representative of a class of similarly-situated persons

/s/ Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI   48075
Telephone:  248-355-0300
Fax:  248-436-8453
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL  60602
Telephone:  312-658-5500
Fax:  312-658-5555

Attorneys for Plaintiff

EXHIBIT A

Personal and Confidential for:
NAMEHERE
ADDRESSHERE
CITYHERE, STATEHERE ZIPHERE
Phone: PHONEHERE  Fax: FAXHERE



**MY DEAR, MY WORRYING ABOUT OUR BROKEN COPIER IS RUINING OUR PERFECT EVENING!**

**SIR, PERHAPS YOU SHOULD TRY THE BEST COPY MACHINE RETAILER IN MICHIGAN, CREATIVE OFFICE SOLUTIONS, INC !**

**MAYBE I SHOULD HAVE MARRIED THE WAITER?**

# Creative Office Solutions, Inc
**12868 Farmington Road**
**Livonia, MI 48150**
**www.copiergiant.com**

## Konica – Minolta
## Copiers ☆ Printers ☆ Scanners ☆ Faxes

**We will beat any competitor's quote on a like machine, or we will pay you $100.00 towards the purchase of their machine. Must provide written quote, and proof of purchase.**

**SPECIAL**                                                                                      **SPECIAL**

→ **Call for Details** ←

→ Locally owned and operated in Southeast Michigan. The money you spend, stays here in our local economy.

→ We offer a 4 hour response time for a down machine, and we back it up with a 10% discount on your next billing if we fail to respond within 4 hours.

→ The Konica – Minolta Bizhub line of copiers is the top rated line of office equipment in the industry today. We are also the leader in full color copiers according to Buyers Lab.

## For Details, Call (734) 261-8850

WARNING – We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait" or attempt extortion against sponsors or us. We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves. Date and time stamp at top. To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL., 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399. WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**