IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AVIO INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | No. 2:10-CV-10622-VAR-MKM |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Victoria A. Roberts |
| CREATIVE OFFICE SOLUTIONS, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION REQUESTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZATION TO SEND NOTICE TO THE SETTLEMENT CLASS BY FAX AND MAIL**

Plaintiff, Avio, Inc. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as Exhibit A, (2) approving the form of Class Notice attached as Exhibit 2 to the Agreement and its dissemination to the Settlement Class by both fax and mail, and (3) setting dates for opt-outs, objections, and a fairness hearing to take place no sooner than 90 days after the government officials receive the notice required by CAFA (to be delivered by defense counsel no later than 10 days after the Agreement is filed with the Court). Plaintiff suggests that the Court select a date in mid-November 2012. This motion is unopposed.

A proposed Preliminary Approval Order is attached as Exhibit 1 to the

Agreement and will be submitted to the Court electronically.

Plaintiff has filed a brief in support of this motion. At the end of the brief,

Plaintiff proposes suggested dates for entry in the Preliminary Approval Order.

Respectfully submitted,

s/ Phillip A. Bock
One of Plaintiff's attorneys

Jason J. Thompson
SOMMERS SCHWARTZ
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 800/783-0989
Email: jthompson@sommerspc.com

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Brian J. Wanca
Ryan M. Kelly
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AVIO INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | No. 2:10-CV-10622-VAR-MKM |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Victoria A. Roberts |
| CREATIVE OFFICE SOLUTIONS, INC., | ) ) ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZATION
TO SEND NOTICE TO THE SETTLEMENT CLASS BY FAX AND MAIL**

Jason J. Thompson
SOMMERS SCHWARTZ
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 800/783-0989
Email: jthompson@sommerspc.com

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Brian J. Wanca
Ryan M. Kelly
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ..........................................................................ii

STATEMENT OF THE ISSUES ................................................................... 1

CONTROLLING AUTHORITY..................................................................... 2

INTRODUCTION ........................................................................................ 3

      I.     Background of the litigation. ................................................... 3

      II.    Summary of the settlement. ................................................... 4

ARGUMENT ................................................................................................ 7

      I.     The Court should grant preliminary approval to the settlement. ......... 7

           A.    The proposed settlement is within the range of possible approval. ....................................................................... 7

           B.    Standard for judicial evaluation and approval............................ 7

           C.    Factors considered in determining whether a settlement is fair, reasonable, and adequate............................................... 8

      II.    At final approval, Class Counsel will ask the Court to approve Hanover's agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement. ....................... 12

      III.   The Court should approve notice to the Settlement Class. ................. 16

      IV.   The Court should schedule a final fairness hearing. ........................... 17

CONCLUSION............................................................................................ 17

CERTIFICATE OF E-FILING AND SERVICE ....................................... 20

## INDEX OF EXHIBITS

Settlement Agreement.......................................................................................A

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Accounting Outsourcing, LLC. v Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007) ................................................................... 17

*All American Painting, LLC v. Dean Weich, Inc.*, No. 09SL-CC05352 (St. Louis County, MO, June 10, 2011)............................................................ 17

*American Home v. McLeod*, 475 F. Supp. 2d 766 (N.D. Ill. 2007) (Kennelly, J.) ...... 14

*BNS, Limited v. Redondo Family Chiropractic, Inc.*, No. 09-2-19352-5 SEA (King County, WA, Nov. 30, 2010) ......................................................... 16

*Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011)9, 11, 15

*CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2) ................................................................... 19

*Community Vocational Schools v. Turner Educational Products, LLC*, No. 0800853-31-1 (Bucks County, PA, Aug. 4, 2010)........................................ 17

*Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998)...................................... 19

*Eclipse Manufacturing Co. v. United States Compliance, Co.*, 381 Ill. App. 3d 127 (Ill. App. Ct. 2007) ................................................................... 14

*Eclipse v. U.S. Compliance*, No. 03 CH 922 (Lake County, IL, Dec. 23, 2008) ......... 16

*Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994) ................ 15

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, 07 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) ................................................................... 20

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) ................................................................... 15

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. C 5953, 2009 WL 2581324, *6 (N.D. Ill. Aug. 20, 2009) (Kendall, J.) ................................................... 12

*Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982)......................................... 8

*Green v. Service Master On Location Services, Corp.*, No. 07 C 4705, 2009 WL 1810769, *4 (N.D. Ill. June 22, 2009) (Hibbler, J.)...................................... 13

*Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008) (Bucklo, J.), *appeal denied* (08-8012) (7th Cir. Jun 13, 2008)................................ 13

*Holtzman v. CCH*, 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Doc. 33)...... 16

*In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000)................................................................... 11

*In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992).... 19

*In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979) ........................................................................ 7

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N. D. Ohio 2001) .................................................................................................... 7, 10

*Insurance Corp. of Hanover v. Shelborne Associates*, 905 N.E.2d 976 (2009) .......... 13

*Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) ....................................... 8, 9

*Locklear Electric, Inc. v. Norma L. Lay*, 09 C 0531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (Doc. 67) ............................................................................... 17

*Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983) ............................... 20

*Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009) ........................ 19

*Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974)............... 15

*Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) .................................................... 16

*Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N. D. Ohio 2007).......... 9

*Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140)..................................................... 16

*Targin Sign v. Preferred Chiropractic*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140)............................................................................. 20

*Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005)............................................ 14

*Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983) ............................................................................................................... 7

*Valley Forge Ins. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352 (2006) .................... 13

*Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983).......... 20

## Statutes

28 U.S.C. § 1715 (d) ........................................................................................... 18

47 U.S.C. § 227.................................................................................................... 3

## Rules

Fed. R. Civ. P. 23 (b) (3) ....................................................................................... 4

Fed. R. Civ. P. 23 (c) (3) ..................................................................................... 17

Fed. R. Civ. P. 23 (e) ........................................................................................... 17

Fed. R. Civ. P. 23 (e) (1) (C) ................................................................................. 7

Fed. R. Civ. P. 23 (e) (i) (B)................................................................................. 16

**Treatises**

7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005) .................................................................................................................. 16

## <u>STATEMENT OF THE ISSUES</u>

1.      Whether the Parties' Settlement Agreement is fair, reasonable, and adequate to the absent class members.


2.      Whether the contents of the proposed Class Notice are clear and concise, and meet the requirements of Rule 23 (c) (3).


3.      Whether the method of sending the Class Notice (by fax and mail) is reasonable.

## CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974)

## INTRODUCTION

Plaintiff, Avio, Inc. ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the parties' proposed class action settlement (Exhibit A) and, in support thereof, states as follows:

## I.   Background of the litigation.

1.   Plaintiff's Complaint alleges that defendant, CREATIVE OFFICE SOLUTIONS, INC. ("Defendant"), faxed an unsolicited advertisement to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages.

2.   Based upon discovery and computer analysis of fax transmission records, Plaintiff contended that Defendant's form advertisement was successfully sent to 3,258 fax numbers in Michigan.

3.   Defendant tendered its defense of the action to its insurers Citizens Insurance Company of America and Hanover Insurance Company (collectively, "Hanover"), which provided a defense.

4.   Defendant denied liability to Plaintiff and the other members of the putative class on a variety of legal and factual grounds.

5.   The parties engaged in settlement negotiations with the assistance of mediator Thomas M. Peters of Vandeveer Garzia, P.C. on April 19, 2012, and those negotiations resulted in the execution of a binding term sheet. Then, the parties negotiated a formal, written settlement agreement, proposed court orders, and proposed notice to the absent class members and have submitted that Agreement to

the Court.

## II.   Summary of the settlement.

6.    If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's fax advertisements sent on June 16, 2006. Plaintiff, Defendant, and Hanover negotiated the settlement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of protracted litigation here and in the separate insurance coverage action pending between the parties, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. They also reviewed and analyzed the legal and factual issues surrounding the questions of Defendant's insurance coverage. Based upon their review and analysis, Plaintiff, Defendant, and Hanover agreed to and executed the Agreement.

7.    The key terms of the Agreement are as follows:

      a.    <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as, "All persons who received a fax on June 16, 2006 sent by or on behalf of Defendant." Excluded from the Settlement Class are Defendant and Defendant's Insurers, including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons.

      b.    <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff is the Class Representative and that Plaintiff's

4

attorneys (Phillip A. Bock of Bock & Hatch, LLC, Jason J. Thompson of

Sommers Schwartz and Brian J. Wanca of Anderson + Wanca) are Class

Counsel for the Settlement Class.

      c.    <u>Monetary Relief to the Members of the Settlement Class</u>.

Hanover has agreed to make $1,587,000.00 available on a common fund basis

(the "Settlement Fund") to pay class member claims, to pay an incentive

payment to plaintiff, Avio, Inc., as the Class Representative, and to pay

attorney's fees and expenses to Class Counsel as approved by the Court. Any

money left in the Settlement Fund after payments to claiming class members,

to the Class Representative, and to Class Counsel would revert to and be kept

by Hanover.

      d.    <u>Class Notice</u>. The parties have agreed to notify the Settlement

Class about the settlement by sending the notice and claim form by facsimile

and by mail. The notice includes instructions about opting out, objecting, or

submitting a claim form by fax or mail to the Claims Administrator. Hanover

will pay all costs associated with the notice and claims administration from

the Settlement Fund.

      e.    <u>Claims</u>.

      (i)    <u>Claim Form</u>. The class notice includes a simple, one-page

claim form for submitting claims for cash payments. The claim form is

the third page of Exhibit B to the Settlement Agreement. A person

need only identify himself or herself as a member of the Settlement

Class to receive a cash payment of $305 per fax they were successfully sent at one or more targeted fax numbers, as demonstrated by the records of Plaintiff's expert, Robert Biggerstaff. The claimant need not possess the junk fax at issue, need not remember receiving the junk fax at issue, and need not know anything about Defendant. Rather, the claimant must merely identify himself or herself as a member of the Settlement Class by verifying ownership of the targeted fax number(s) as of June 16, 2006.

        (ii)   <u>Claims Administrator</u>. The parties have agreed to employ the services of Rust Consulting, Inc., of Minneapolis, MN, to send the notice, receive the claim forms, assess the validity of claims, and distribute the settlement funds.

        f.   <u>Release</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant, Hanover and the other released parties about Defendant's advertisements sent by fax on June 16, 2006.

        g.   <u>Attorney's Fees and Costs and Class Representative Award</u>. At the final approval hearing, after the Class is notified about the same, Class Counsel will apply to the Court to approve an award of attorney's fees equal to (a) one-third of the Settlement Fund ($529,000), plus reasonable out-of-pocket expenses not to exceed $60,000 (including the costs of notice and

claims administration). Class Counsel will also ask the Court to approve an award of $9,500 to plaintiff, Avio, Inc., for serving as the class representative.

<u>ARGUMENT</u>

I.   **The Court should grant preliminary approval to the settlement.**

   A.   **The proposed settlement is within the range of possible approval.**

8.   A district court's review of a proposed class action settlement is typically a two-step process. *E.g., In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 350 (N. D. Ohio 2001). The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). *See also In re Inter-Op,* 204 F.R.D. at 350. The second step is to hold a final approval hearing after notice to the absent class members, at which the Court can consider any objections lodged by either class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

   B.   **Standard for judicial evaluation and approval.**

9.   A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class

7

actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the Court finds that the settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

C.    **Factors considered in determining whether a settlement is fair, reasonable, and adequate.**

10.    In finally determining whether the settlement is fair, reasonable, and adequate, the trial court considers the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632.

11.    At the preliminary approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N. D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id., citing In re Inter-Op,* 204 F.R.D. at 351.

8

12.     In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

13.     The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case. "[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351.

14.     Defendant's insurer, Hanover, has agreed to create a settlement fund. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check in an amount of $305 for each of Defendant's faxes successfully sent to them. That amount is equal to the pro rata share per fax after subtracting the other agreed payments for fees, expenses, and an incentive award to Plaintiff.

15.     This settlement is an excellent outcome and result for the Class. Defendant lacks assets sufficient to pay a class-wide judgment in this case, except through its insurance. Hanover does not admit that the insurance policies cover the damages at issue, and there is an insurance coverage action between the parties (that will be dismissed if this settlement is approved), but Hanover has agreed to settle to avoid further expense and exposure to liability. Without the settlement, Hanover ultimately might not pay, and the Class might recover substantially less, if

9

anything at all.

16.     Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000).

17.     This case is no exception. Defendant and Hanover have denied liability and have agreed to settle to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable in light of the risks of continued litigation. Here, the parties would brief one or more motions for summary judgment, then there might be a trial, and almost certainly an appeal. In addition to the risk of loss, continued litigation would delay the class members' receipt of any recovery.

18.     Again, Hanover has denied that its insurance policy provides defense or indemnity coverage for Plaintiff's class action, but has agreed to create and pay a settlement fund to avoid the distraction and expense of further litigation and exposure to higher liability. If Hanover were to prevail on the coverage issues, the Class could defeat Defendant on the merits of the claims but be left without a source of payment.

19.     The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in

10

damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will receive a cash payment in the amount of $305 for each fax Defendant successfully sent them, and Hanover has agreed to pay the attorneys fees and expenses of Class Counsel for conferring that benefit upon each class member. The total Settlement Fund is worth approximately $487 per fax at issue in this case.

20.     Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in several such cases pending in this and other District Courts, as well as in other types of class actions. *See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. C 5953, 2009 WL 2581324, *6 (N.D. Ill. Aug. 20, 2009) (Kendall, J.); *Green v. Service Master On Location Services, Corp.*, No. 07 C 4705, 2009 WL 1810769, *4 (N.D. Ill. June 22, 2009) (Hibbler, J.); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008) (Bucklo, J.), *appeal denied* (08-8012) (7th Cir. Jun 13, 2008).

21.     Plaintiff's counsel have successfully litigated insurance coverage actions against TCPA defendants' insurers as well. For example, in *Valley Forge Ins. v. Swiderski Electronics, Inc.*, 223 Ill. 2d 352 (2006) (finding coverage for junk fax lawsuits under "advertising injury" insuring clause), Plaintiff's counsel successfully argued for insurance coverage of TCPA claims. *See also Insurance*

11

*Corp. of Hanover v. Shelborne Associates*, 905 N.E.2d 976 (2009) (finding coverage for junk fax lawsuits under "property damage" insuring clause). In *American Home v. McLeod*, 475 F. Supp. 2d 766 (N.D. Ill. 2007) (Kennelly, J.), Plaintiff's counsel successfully argued for insurance coverage of the class's claims. In *Eclipse Manufacturing Co. v. United States Compliance, Co.*, 381 Ill. App. 3d 127 (Ill. App. Ct. 2007), Plaintiff's counsel successfully argued for indemnification of a class-wide settlement from the TCPA defendant's insurance. Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

22.    Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

## II.    At final approval, Class Counsel will ask the Court to approve Hanover's agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.

23.    At final approval, Class Counsel will request that the Court approve Hanover's agreement to pay them attorneys fees equal to one-third of the Settlement Fund. This amount is within the approved range in class actions. *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of common funds in class actions); *Brent*, 2011 WL 3862363 at *19 (attorney fee award of 29% of settlement amount "is in line with percentages approved in other common fund cases").

24.    It is well recognized that the attorneys' contingent risk is an important

factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.,* 34 F.3d 560, 565 (7th Cir. 1994). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363 at *19.

25.     Class Counsel's request for one-third of the settlement fund is within the market rate for TCPA class action cases. *See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc.,* 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (fees equal to one-third of the settlement fund); *Saf-T-Gard International, Inc. v. Seiko Corp. of America,* No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (fees and expenses equal to thirty-three percent of the settlement fund); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140) (fees equal to one-third of settlement fund plus additional $42,640.44 in expenses); *Holtzman v. CCH,* 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Doc. 33) (fees equal to one-third of the settlement fund); *Eclipse v. U.S. Compliance,* No. 03 CH 922 (Lake County, IL, Dec. 23, 2008) (33.33% plus expenses); *BNS, Limited v. Redondo Family Chiropractic, Inc.,* No. 09-2-19352-5 SEA (King County, WA, Nov. 30, 2010) (33.33%); *All American Painting, LLC v. Dean Weich, Inc.,* No. 09SL-CC05352 (St. Louis County, MO, June 10, 2011) (one-third plus expenses). *See also Accounting Outsourcing, LLC. v Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007) (awarding $2,314,328, or more than 35% of the common fund, plus costs); *Community Vocational Schools v. Turner*

*Educational Products, LLC*, No. 0800853-31-1 (Bucks County, PA, Aug. 4, 2010) (fees of 37.96% of fund); *Locklear Electric, Inc. v. Norma L. Lay*, 09 C 0531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (Doc. 67) (approving fees equal to one-third from future recovery from insurer).

26.     Hanover has agreed to pay Class Counsel one-third of the Settlement Fund as attorneys fees, plus their out-of-pocket expenses. Class Counsel undertook this case on a contingency basis, represented the Class in the declaratory action on a contingency basis, and achieved an excellent result in a fair and efficient manner.

27.     Class Counsel resolved this case through unique capabilities from their years of experience in these types of cases. As indicated above, Class Counsel have been litigating TCPA class actions and insurance coverage actions about TCPA claims since 2003, and have litigated class actions for many more years.

28.     Obviously, the purpose of a class action lawsuit is to provide a benefit to class members, not to litigate for the sake of litigating. Class Counsel delivered significant benefits to the Settlement Class in the face of numerous potentially fatal obstacles. Tested by the potential infirmities of the case itself, there is little doubt that Class Counsel undertook a significant risk here and the fee award should reflect that risk. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

29.     The Class Notice informs the Settlement Class about the agreed and requested attorneys fees and expenses, so that if any class member wishes to object he will have that opportunity.

30.     If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one-third of the Settlement Fund.

31.     At final approval, Class Counsel will also request that the Court approve Hanover's payment to Plaintiff in the amount of $9,500.00 from the Settlement Fund for serving as the class representative.

32.     Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

33.     Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its efforts greatly benefited the Settlement Class. Class Counsel requests that the Court award Plaintiff a payment of $9,500.00 for its efforts on behalf of the class. Other judges have approved similar awards in TCPA cases. *See CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 07 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146); *Targin Sign v. Preferred Chiropractic*, 09 C 1399

(N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140).

## III.   The Court should approve notice to the Settlement Class.

34.   The parties propose to issue notice to the Settlement Class by both facsimile and first-class mail. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

35.   Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

36.   Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case, and to the names and addresses Plaintiff's expert identified with those fax numbers in the fax broadcaster's database. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class can complete a claim form and return it immediately by fax or mail as they choose.

37.   The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time

16

and manner for requesting exclusion; and (vii) the binding effect of a class judgment

on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

38.     The notice meets the legal standards for appropriate notice and

satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and

authorize its dissemination to the Class.

## IV.    The Court should schedule a final fairness hearing.

39.     Plaintiff requests that the Court schedule a hearing to determine

whether the settlement should be finally approved. A proposed Final Approval of

Agreement and Judgment is attached as Exhibit 3 to the Agreement.

CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter a

Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement,

granting preliminary approval of the proposed settlement, directing that the

members of the Settlement Class be notified about the proposed settlement in the

form and manner agreed by the parties (Exhibit 2 to the Agreement), selecting the

Claim Form from the alternative claim forms submitted by Plaintiff (Exhibit C) or

Defendant (Exhibit B), and setting dates for opt-outs, objections, and a final

approval hearing.

Plaintiff proposes that the Claims Administrator send the Class Notice

within 14 days (by August 17, 2012). Because class members will have 60 days to

submit claim forms, Plaintiff proposes that they have the same 60 days to opt out of

the settlement or to object, if they so choose, which means that "October 16, 2012"

should be inserted in the proposed *Order Preliminarily Approving Class Action*

17

*Settlement* as follows:

    (a) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before <u>October 16, 2012</u>, or be forever barred;

    (b) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Defendant's counsel on or before <u>October 16, 2012</u>, or be forever barred;

    (c) Requests by any Class member to opt out of the settlement must be submitted on or before <u>October 16, 2012</u>, or be forever barred; and

    (d) Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than <u>October 16, 2012</u>;

Finally, the final approval hearing cannot occur sooner than 90 days after the government officials receive the notice required by CAFA. 28 U.S.C. § 1715 (d). Plaintiff proposes that the Court set the final approval hearing for any convenient date during the weeks beginning November 19, 2012 or November 26, 2012, for a hearing expected to last approximately 15 minutes.

Respectfully submitted,

s/ Phillip A. Bock
One of Plaintiff's attorneys

Jason J. Thompson
SOMMERS SCHWARTZ
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 800/783-0989
Email: jthompson@sommerspc.com

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Brian J. Wanca
Ryan M. Kelly
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on August 3, 2012, I electronically filed the foregoing *Plaintiff's Unopposed Motion and Brief Requesting Preliminary Approval* using the ECF System, which will send notification of such filing to all counsel of record.

s/ Phillip A. Bock