IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AVIO INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE OFFICE SOLUTIONS, INC.<br><br>Defendant. | No. 2:10-CV-10622-VAR-MKM<br><br>Honorable Victoria A. Roberts |

### FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Avio Inc. ("Plaintiff"), defendant Creative Office Solutions, Inc.. ("Defendant"), and Defendant's insurers, Citizens Insurance Company of America and Hanover Insurance Company (collectively "Defendant's Insurers"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1.   This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.   Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons who received a fax on June 16, 2006 sent by or on behalf of Defendant." Excluded from the Settlement Class are Defendant and Defendant's Insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons of Defendant or its Insurers, as well as the officers, directors, agents, servants, and employees of Defendant or its Insurers and the immediate family members of such persons. The parties expressly agreed to the Settlement Class definition for settlement purposes.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. Upon the Declaration of Melissa D. Eisert, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Upon the Affidavit of Christopher P. Jelinek (Doc. 29), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. No objections were received.

8. The following person validly requested exclusion from the Settlement Class and the settlement: Angel Food Catering, Inc., P.O. Box 972132, Ypsilanti, MI 48197.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation;

2

(d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendant's Insurers, Citizens Insurance Company of America and Hanover Insurance Company, have created a settlement fund (the "Settlement Fund") to pay all claims by Settlement Class members, to pay Class Counsel's fees and out-of-pocket expenses, and to pay the Class Representative's incentive award as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Defendant's Insurers. Defendant shall not be responsible for making any payments, except through their insurance with Citizens Insurance Company of America and Hanover Insurance Company.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $305 from the Settlement Fund for each successful fax

transmission identified on Exhibit 4 of the Expert Report of Robert Biggerstaff dated January 20, 2010 (the "Database"). The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void ninety one (91) days after issuance and any amount from voided checks shall be refunded to Defendant's Insurers.

12. As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $529,000.00 and out-of-pocket expenses of $60,000.00 Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

13. As agreed between the parties, the Court approves a $9,500 incentive award to Avio, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

14. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant is hereby dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant or its Insurers, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

18. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class, Defendant, and Defendant's Insurers to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

19. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: 12/10/12

*Victoria A. Roberts*
Honorable Judge Victoria A. Roberts

6